UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL I, LLC, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-597 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") motion for summary judgment. (ECF No. 41). Defendant/cross claimant/counter claimant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 49), to which Deutsche Bank replied (ECF No. 50).

Also before the court is SFR's motion for summary judgment. (ECF No. 46). Deutsche Bank filed a response (ECF No. 48), to which SFR replied (ECF No. 51).

**I.     Background**

This action arises from a dispute over real property located at 1013 Echo Beach Avenue, North Las Vegas, Nevada 89086 ("the property"). (ECF No. 1).

Leslie L. Wright and Donna C. Gentry ("borrowers") purchased the property on or about June 21, 2005. *Id*. The borrowers financed the purchase with a loan in the amount of $214,050.00 from First Franklin, a Division of National City Bank of Indiana ("First Franklin"). *Id*. First Franklin secured the loan with a deed of trust, which names First Franklin as the lender and beneficiary, and Fidelity National Title as the trustee. (ECF No. 1-2). Deutsche Bank

**James C. Mahan**
**U.S. District Judge**

acquired all beneficial interest in the deed of trust via an assignment, which Deutsche Bank recorded with the Clark County recorder's office on June 28, 2015. (ECF No. 1-3).

On January 19, 2012, Springs at Centennial Ranch Homeowners Association ("HOA"), through its agent Alessi & Koenig, LLC ("A&K"), recorded a notice of delinquent assessment lien ("the lien") against the property for the borrowers' failure to pay the HOA in the amount of $1,083.46. (ECF No. 46-1). On May 22, 2012, A&K recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $1,966.96 as of April 25, 2012. *Id*.

On December 7, 2012, the HOA recorded a first notice of foreclosure sale against the property. *Id*. On October 10, 2013, the HOA recorded a second notice of foreclosure sale against the property. *Id*. On November 6, 2013, the HOA sold the property in a nonjudicial foreclosure sale to SFR in exchange for $17,000.00. *Id*. On November 13, 2013, SFR recorded the deed of foreclosure with the Clark County recorder's office. (ECF No. 46-2).

On April 3, 2018, Deutsche Bank filed a complaint, alleging a single cause of action: quiet title/declaratory relief pursuant to NRS 116.3116 *et seq*. (ECF No. 1).

Now, Deutsche Bank and SFR have filed cross-motions for summary judgment, requesting that the court resolve whether the foreclosure sale extinguished the deed of trust. (ECF Nos. 41, 46).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

James C. Mahan
U.S. District Judge

- 2 -

In determining summary judgment, a court applies a burden-shifting analysis. Where the party moving for summary judgment would bear the burden of proof at trial, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all

justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

Deutsche Bank and SFR have filed cross-motions for summary judgment, disputing whether the foreclosure sale extinguished the deed of trust. (ECF Nos. 41, 46). Because neither Deutsche Bank nor SFR have provided sufficient grounds to enter summary judgment in their respective favor, the court will deny both motions.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a plaintiff must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

NRS 116.3116 *et seq.*[1] ("Chapter 116") allows an HOA to place a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Under NRS 116.3116(2), HOA liens have priority over other encumbrances. Nev. Rev. Stat. § 116.3116(2). However, some encumbrances are not subject to an HOA lien's priority, including "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

---

[1] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–13, when the events giving rise to this litigation occurred.

James C. Mahan
U.S. District Judge

- 4 -

Chapter 116 then provides an exception to the subparagraph (2)(b) exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investments Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Under Chapter 116, an HOA can enforce its superpriority lien with a nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

NRS 116.31166(1) provides that when an HOA forecloses on a property pursuant to NRS 116.31164, the following recitals in the deed are conclusive proof of the matters recited:

(a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
(b) The elapsing of the 90 days; and
(c) The giving of notice of sale[.]

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[2] "The 'conclusive' recitals concern . . . all statutory prerequisites to a valid HOA lien foreclosure sale." *See Shadow Wood Homeowners Assoc. v.*

---

[2] The statute further provides as follows:

2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.

*N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) ("*Shadow Wood*"). Nevertheless, courts retain the equitable authority to consider quiet title actions even when an HOA's foreclosure deed contains statutorily conclusive recitals. *See id.* at 1112.

Here, the parties have provided the recorded notice of delinquent assessment, the recorded notice of default and election to sell, the recorded notice of foreclosure sale, and the recorded trustee's deed upon sale. (*See* ECF Nos. 46-1, 46-2). Further, the recorded foreclosure deed contains the necessary recitals to establish compliance with NRS 116.31162 through NRS 116.31164. (ECF No. 46-2); *See id.* at 1112. Therefore, pursuant to NRS 116.31166 and the recorded foreclosure deed, the foreclosure sale was valid to the extent that it complied with NRS 116.31162 through NRS 116.31164.

While NRS 116.3116 accords certain deed recitals conclusive effect, it does not conclusively entitle the buyer at the HOA foreclosure sale to success on a quiet title claim. *See Shadow Wood*, 366 P.3d at 1112 (rejecting that NRS 116.31166 defeats, as a matter of law, actions to quiet title). Thus, the question remains whether sufficient grounds have been set forth to justify setting aside the foreclosure sale. *See id.*

"When sitting in equity . . . courts must consider the entirety of the circumstances that bear upon the equities. This includes considering the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief." *Id*.

Deutsche Bank contends that the foreclosure sale did not extinguish its deed of trust because the superpriority portion of the HOA's lien was satisfied by the borrowers prior to the foreclosure sale, thus preserving Deutsche Bank's senior lien. (ECF No. 41).

SFR contends that: (1) Deutsche Bank's complaint is time-barred; (2) Deutsche Bank lacks standing to bring a quiet title claim; (3) the deed recitals conclusively establish that the foreclosure sale was proper and thus extinguished Deutsche Bank's security interest in the property; (4) Deutsche Bank failed to plead facts regarding the borrower's payment of the

---

3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

superpriority portion of the HOA's lien and so cannot raise the issue now; (5) Deutsche Bank relies on inadmissible evidence to establish the superpriority portion of the HOA's lien; (6) only the first secured party can satisfy the superpriority portion of an HOA's lien; and (7) Deutsche Bank has not overcome the presumptive validity of the foreclosure deed and sale. (ECF Nos. 46, 49).

   a. *Statute of limitations*

SFR argues that the court should grant summary judgment because the analogous limitations periods for challenges to foreclosure sales do not exceed three years, and so Deutsche Bank's complaint is time-barred. (ECF No. 46).

In Nevada, quiet title claims have a five-year limitations period. Nev. Rev. Stat. 11.070. Courts routinely apply this five-year limitations period to quiet title claims in HOA foreclosure cases. *See*, *e.g.*, *Bank of New York Mellon v. Khosh*, 2:17-cv-00957-MMD-PAL, 2019 WL 2305146, at *3 (D. Nev. May 30, 2019) (issued by Judge Miranda M. Du); *see also, e.g.*, *Bank of America, N.A. v. Woodcrest Homeowners Ass'n*, 381 F. Supp. 3d 1280, 1286 (D. Nev. 2019) (issued by Judge Gloria M. Navarro); *see also, e.g.*, *Fed. Nat'l Mortgage Ass'n v. Kree*, LLC, 3:17-cv-00730-LRH-WGC, 2018 WL 2697406, at *2 (D. Nev. June 5, 2018) (issued by Judge Larry R. Hicks); *see also*, *e.g.*, *Nationstar Mortgage, LLC v. Falls at Hidden Canyon Homeowners Ass'n*, 2:15-cv-01287-RCJ-NJK, 2017 WL 2587926, at *3 (D. Nev. June 14, 2017) (issued by Judge Robert C. Jones).

SFR recorded the trustee's deed upon sale with the Clark County recorder's office on November 13, 2013. (ECF No. 46-2). Deutsche Bank brought this lawsuit within five years, on April 3, 2018. (ECF No. 1). Therefore, SFR has failed to show that Deutsche Bank's complaint is untimely.

   b. *Standing*

SFR argues that Deutsche Bank does not have standing to enforce its interest because it has failed to demonstrate that both the promissory note and deed of trust were properly transferred to it. (ECF No. 49).

All of the authorities SFR cites in support of this proposition relate to limitations on foreclosure; none are apposite to a quiet title action. SFR admits as much in stating "[w]hile this is not a foreclosure action, the Bank is attempting to strip SFR of its property rights, similar to a borrower under a note and deed of trust." *Id*.

This is a quiet title action, and pursuant to NRS 40.010, such an action may "be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." Because SFR is claiming an interest in the property adverse to Deutsche Bank's purported security interest, Deutsche Bank has standing to bring this action.

 *c. Deed recitals*

SFR contends that pursuant to NRS 116.31166(1), the recitals in the deed are conclusive as to "(1) default; (2) mailing of the notice of delinquent assessment; (3) recording of the notice of default and notice of sale; (4) elapsing of 90 days; and (5) giving notice of sale." (ECF No. 46). SFR argues that because there is no dispute as to any of these recitals, the sale was proper and thus extinguished the deed of trust. (ECF Nos. 46, 51).

The fact that certain deed recitals are accorded conclusive effect under NRS 116.3116 does not conclusively defeat equitable relief in a quiet title action. *See Shadow Wood*, 366 P.3d at 1112 (rejecting that NRS 116.31166 defeats, as a matter of law, actions to quiet title). Accordingly, the deed recitals alone do not entitle SFR to summary judgment. *See id*.

 *d. Waiver*

Deutsche Bank relies on the alleged fact that the borrowers paid the superpriority portion of the HOA's lien prior to the foreclosure sale. (ECF No. 41). SFR contends that Deutsche Bank failed to allege this fact in its complaint and has accordingly waived the ability to argue this fact in its motion for summary judgment. (ECF No. 46).

When an issue is raised in opposition to a motion for summary judgment that is outside the scope of the complaint, the district court construes the matter as a request to amend the pleadings out of time pursuant to Federal Rule of Civil Procedure 15(b). *See Desertrain v. City*

*of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *see also Apache Survival Coal. v. United States*, 21 F.3d 895, 910 (9th Cir. 1994).

The court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The factors are not equally weighted; prejudice is the foremost concern. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Delay alone is generally insufficient to justify denying a motion to amend unless the court also specifically finds prejudice to the opposing party, bad faith of the moving party, or futility of amendment. *Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999). Further, the factors should not be "understood rigidly or evaluated mechanically"; the court should " 'examine each case on its facts' and gauge the propriety of granting leave to amend accordingly." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086, quoting 6 Charles Alan Wright, et al., *Federal Practice and Procedure Civil 2d* § 1430 (2d ed. 1990).

First, there is no evidence of bad faith.

Second, there is no undue delay. Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens upon the court. *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading. *Morongo*, 893 F.2d at 1079. Deutsche Bank filed its motion for summary judgment approximately eleven months after it filed its complaint. (ECF Nos. 1, 41). Although Deutsche Bank has not provided any justification for why it failed to include this allegation in its complaint and/or failed to amend its complaint prior to filing its instant motion, there is no prejudice to SFR or unwarranted burden on the court as a result of permitting this amendment. No unnecessary discovery or other litigation costs will be incurred as a result of permitting the

amendment, and SFR has already briefed this issue in its response to Deutsche Bank's motion (*see* ECF No. 49).

Third, for the reasons discussed above, there is no prejudice to SFR. Fourth, there is no showing that amendment would be futile. And fifth, Deutsche Bank has not previously amended its complaint.

Accordingly, the court will grant Deutsche Bank leave to amend its complaint to conform to the evidence and argument presented in its motion for summary judgment.

    *e. Borrower satisfaction of superpriority portion of HOA lien*

Deutsche Bank contends that the HOA accepted payments from the borrowers and applied those payments to assessments due and owing, thus extinguishing the superpriority portion of the HOA's lien prior to the foreclosure sale. (ECF No. 41). SFR disputes whether anyone other than the first secured can satisfy the superpriority portion of an HOA lien. (ECF No. 49).

    *1. Admissibility of evidence*

Before the court can address the merits of this argument, it must first be determined whether the evidence underlying it is admissible. *See* FED. R. CIV. P. 56(e). Deutsche Bank relies on an HOA account ledger to show that the superpriority portion of the HOA's lien was $555.75. (ECF No. 41-2). SFR disputes this amount by arguing that the ledger is inadmissible because it is unauthenticated and hearsay. (ECF No. 49).

Only admissible evidence may be considered on a motion for summary judgment. *See* FED. R. CIV. P. 56(e); *Orr v. Bank of America NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

Authentication is a "condition precedent to admissibility," and can be satisfied by "evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a); *see also Jimena v. UBS AG Bank, Inc.*, 1:07-CV-00367 OWW, 2011 WL 2551413 (E.D. Cal. June 27, 2011) aff'd sub nom. *Jimena v. Standish*, 11-16845, 2013 WL 223131 (9th Cir. Jan. 17, 2013). A party seeking admission of evidence need only make a *prima facie* showing of authenticity. *E.W. French & Sons, Inc. v. Gen'l Portland Inc.*, 885 F.2d 1392,

1398 (9th Cir. 1989). In assessing whether a *prima facie* showing has been made, the court must determine whether the proof is such that the jury, acting as reasonable persons, could find its authorship as claimed by the proponent. *United States v. Smith*, 609 F.2d 1294, 1301 (9th Cir. 1979).

Documents authenticated through personal knowledge under Rule 901(b)(1) must be "attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987). Where a party has failed to properly authenticate the evidence provided in support of a motion for summary judgment, the court cannot find that the party has carried its burden under Federal Rule of Civil Procedure 56.

Here, Deutsche Bank has not properly authenticated the HOA account ledger. There is no authentication through personal knowledge because Deutsche Bank failed to attach the requisite affidavit to the document. Further, Deutsche Bank has made no argument for any other avenue of authentication. Accordingly, the court finds that Deutsche Bank has not made a *prima facie* showing of the ledger's authenticity, and the court will not consider this evidence for the purpose of this motion.[3]

   *2. Whether a borrower can satisfy the superpriority portion of an HOA's lien*

Deutsche Bank's motion for summary judgment is premised upon the theory that a former homeowner's payments can satisfy the superpriority portion of an HOA's lien, and that such payments were in fact made and credited to the superpriority portion here. (ECF No. 41).

On at least one occasion, the Nevada Supreme Court has provided guidance on whether a former homeowner can satisfy the superpriority portion of an HOA's lien. In *Saticoy Bay LLC Series 2141 Golden Hill v. JPMorgan Chase Bank* ("*Saticoy Bay*"), the Nevada Supreme Court held that where a former homeowner made payments sufficient to satisfy the superpriority portion of the HOA's lien—such that the HOA applied those payments to the superpriority portion of the former homeowner's balance—there was no superpriority lien to extinguish the

---

[3] Because this evidence is unauthenticated and therefore beyond the scope of a proper summary judgment analysis (*see Orr*, 285 F.3d at 773), the court need not determine whether this evidence would also be inadmissible as hearsay.

otherwise senior deed of trust at the time of foreclosure. 2017 WL 6597154, at *1 (Nev. Dec. 22, 2017) (unpublished); *but see SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A.*, 2018 WL 6609670, n.2 (Nev. Dec. 13, 2018) (unpublished) (casting doubt on whether a former homeowner can satisfy the default as to the superpriority portion of an HOA's lien).

Because Deutsche Bank has not provided admissible evidence to establish the amount of the superpriority lien, the court cannot determine whether the borrowers' payments were sufficient to satisfy it, let alone whether the payments were actually used for that purpose. Accordingly, Deutsche Bank has not met its burden of showing that there is no genuine dispute of material fact as to whether its security interest in the property survived the foreclosure sale.

*f. Due process violation*

Deutsche Bank argues that the court should grant summary judgment because, under *Bourne Valley*, the HOA foreclosed pursuant to a facially unconstitutional state statute. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"); (ECF No. 29). However, Deutsche Bank's reliance on *Bourne Valley* is misplaced.

In *Bourne Valley*, the Ninth Circuit held that Chapter 116 violated the Due Process Clause of the Fourteenth Amendment because it did not require a party foreclosing on a property to provide notice to a holder of any subordinate security interest. *Bourne Valley*, 832 F.3d at 1159. This conclusion was based on the interpretation that NRS 116.31168(1) did not incorporate NRS 107.090, which requires notice of default to any person with a subordinate security interest. *Id*.

When the Ninth Circuit ruled in *Bourne Valley*, there was no authority on the interpretation of NRS 116.31168(1). Left with the general doctrines of statutory interpretation, the court declined to incorporate NRS 107.090 on the grounds that it would render NRS 116.31168(1) superfluous. *Id*., citing *S. Nev. Homebuilders Ass'n v. Clark Cnty.*, 117 P.3d 171, 173 (2005).

Since the Ninth Circuit's decision in *Bourne Valley*, the Nevada Supreme Court has provided its interpretation of Chapter 116, holding that NRS 116.31168(1) does incorporate NRS 107.090. *SFR Invs. Pool 1, LLC. v. The Bank of N.Y. Mellon*, 422 P.3d 1248, 1252 (Nev. 2018)

(expressly refuting *Bourne Valley*). Under this ruling, NRS 116.31168(1) requires notice to subordinate interest holders and, thus, does not violate the Fourteenth Amendment. *Id*.

Both the Ninth Circuit and the Supreme Court have recognized that "a [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006), citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975); *see also Knapp v. Cardwell*, 667 F.2d, 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

Accordingly, this court will follow the Nevada Supreme Court's decision and hold that the HOA foreclosed on the property pursuant to a constitutional statute.

## IV. Conclusion

In light of the foregoing, Deutsche Bank has not provided sufficient grounds to hold that its deed of trust continues to encumber the property. In addition, SFR has failed to demonstrate that there is no genuine dispute of material fact as to Deutsche Bank's security interest in the property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Deutsche Bank's motion for summary judgment (ECF No. 41) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 46) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Deutsche Bank is GRANTED leave to amend its complaint consistent with the local rules and this court's holding in section III.d.

DATED September 27, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 13 -