UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DEUTSCHE BANK NATIONAL TRUST COMPANY, | Case No. 2:18-CV-597 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL I, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant SFR Investment Pool 1, LLC's ("SFR") motion to dismiss.  (ECF No. 55).  Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed a response (ECF No. 56), to which SFR replied (ECF No. 58).

Also before the court is Deutsche Bank's motion for summary judgment.  (ECF No. 57). SFR filed a response (ECF No. 60), to which Deutsche Bank replied (ECF No. 62).

Also before the court SFR's motion to strike Deutsche Bank's motion for summary judgment.  (ECF No. 59).  Deutsche Bank filed a response (ECF No. 61), to which SFR replied (ECF No. 63).

**I.    Background**

This action arises from a dispute over real property located at 1013 Echo Beach Avenue, North Las Vegas, Nevada 89086 ("the property").  (ECF No. 1).

Leslie L. Wright and Donna C. Gentry ("borrowers") purchased the property on or about June 21, 2005.  *Id*.  The borrowers financed the purchase with a loan in the amount of $214,050.00 from First Franklin, a Division of National City Bank of Indiana ("First Franklin"). *Id*.  First Franklin secured the loan with a deed of trust, which names First Franklin as the lender

**James C. Mahan**
**U.S. District Judge**

and beneficiary, and Fidelity National Title as the trustee.  (ECF No. 1-2).  Deutsche Bank acquired all beneficial interest in the deed of trust via an assignment, which Deutsche Bank recorded with the Clark County recorder's office on June 28, 2015.  (ECF No. 1-3).

On January 19, 2012, Springs at Centennial Ranch Homeowners Association ("HOA"), through its agent Alessi & Koenig, LLC ("A&K"), recorded a notice of delinquent assessment lien ("the lien") against the property for the borrowers' failure to pay the HOA in the amount of $1,083.46.  (ECF No. 46-1).  On May 22, 2012, A&K recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $1,966.96 as of April 25, 2012.  *Id*.

On December 7, 2012, the HOA recorded a first notice of foreclosure sale against the property.  *Id*.  On October 10, 2013, the HOA recorded a second notice of foreclosure sale against the property.  *Id*.  On November 6, 2013, the HOA sold the property in a nonjudicial foreclosure sale to SFR in exchange for $17,000.00.  *Id*.  On November 13, 2013, SFR recorded the deed of foreclosure with the Clark County recorder's office.  (ECF No. 46-2).

On April 3, 2018, Deutsche Bank filed a complaint, alleging a single cause of action: quiet title/declaratory relief pursuant to NRS 116.3116 *et seq*.  (ECF No. 1).  On October 4, 2019, Deutsche Bank filed an amended complaint, which named only SFR as a defendant.  (ECF No. 54).

SFR now moves to dismiss the amended complaint as time barred.  (ECF No. 55).  Deutsche Bank moves for summary judgment.  (ECF No. 57).

**II.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

**James C. Mahan
U.S. District Judge**

- 2 -

1  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumptions of truth.  *Id*. at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id*.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief."  *Id*. at 679.  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the

**James C. Mahan**
**U.S. District Judge**

- 3 -

purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a party must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Quiet title actions have either a five- or four-year statute of limitations.[1] *See* Nev. Rev. Stat. §§ 11.070, 11.080, 11.220. When the quiet title action is brought by someone seeking to recover possession of a property, Nevada Revised Statutes ("NRS") § 11.080 applies a five-year statute of limitations. Nev. Rev. Stat. § 11.080. If the quiet title claim is "founded upon the title to real property or to rents or to services out of the same," then NRS § 11.070 imposes a five-year statute of limitations. *Id.* § 11.070. Finally, if neither NRS § 11.080 or § 11.070 are applicable, then the "catch-all" statute of limitations found in NRS § 11.220 applies. *Id.* § 11.220; *see also Ocwen Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01757-JAD-VCF, 2018 WL 2292807, at *5 (D. Nev. May 18, 2018) ("With no squarely applicable limitation statute, [the court is] left with the catch-all four-year deadline in NRS 11.220.").

Here, the court finds that Deutsche Bank's quiet title claim is subject to a four-year statute of limitations. If either NRS § 11.070 or NRS § 11.080 applied to Deutsche Bank's claim, the statute of limitations would be five years. Deutche Bank, citing to *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 600 (9th Cir. 2015), argues that these provisions apply. (ECF No. 56 at 6). The court disagrees.[2]

---

[1] SFR argues that NRS § 11.190(3)(a) should apply, which would impose a three-year statute of limitations, because "[Deutche Bank]'s claim against SFR is the same as wrongful foreclosure . . . ." (ECF No. 55 at 9). For the reasons discussed above, the court need not decide NRS § 11.190's applicability.

[2] The court acknowledges that it previously held that the statute of limitations was five years. (ECF No. 53). However, a district court "possesses the inherent power to reconsider,

**James C. Mahan**
**U.S. District Judge**

*Scott* is inapposite here: in that case, the Scotts were property owners who claimed "superior title to the subject property." 605 F. App'x at 600. Neither NRS § 11.070 nor NRS § 11.080 apply in this case because Deutsche Bank does not—nor can it—allege that it had or is seeking title to or possession of the property. Accordingly, the court applies the catch-all limitation period of NRS § 11.220: Deutsche Bank was obligated to bring its quiet title claim within four years.

The very latest date the statute of limitations period began running was November 13, 2013, when the foreclosure deed was recorded. (ECF Nos. 54-4; 55 at 2). Four years from that date is November 13, 2017. Deutsche Bank filed the instant action on April 3, 2018, roughly five months later. (ECF No. 1). Consequently, Deutsche Bank's quiet title action is time-barred. SFR's motion to dismiss is granted, and Deutsche Bank's motion is denied.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion to dismiss (ECF No. 55) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Deutsche Bank's motion for summary judgment (ECF No. 57) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion to strike (ECF No. 59) be, and the same hereby is, DENIED as moot.

. . .

. . .

. . .

---

rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001). The court's prior holding was based on other judges' decisions in this circuit which, upon further review, either summarily applied a five-year statute of limitations without discussion or relied on Ninth Circuit dicta from cases inapposite to this one. *See, e.g.*, *Bank of New York Mellon v. Khosh*, 2:17-cv-00957-MMD-PAL, 2019 WL 2305146, at *3 (D. Nev. May 30, 2019) (summarily applying the five-year statute of limitations); *Fed. Nat'l Mortg. Ass'n v. Kree, LLC*, No. 3:17-CV-00730-LRH-WGC, 2018 WL 2697406, at *2 (D. Nev. June 5, 2018) (citing dicta in *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) that indicated that the homeowner could have brought claims challenging the HOA foreclosure sale within five years.). The court finds that the four-year statute of limitations is required by the statutes' plain language.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1	IT IS FURTHER ORDERED that Deutsche Bank's quiet title claim be, and the same
2	hereby is, DISMISSED with prejudice.
3	DATED July 13, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**